UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Noemi Orozco : | |
| 319 E. Lincoln Avenue, Apt 2 : | |
| Robensonia, PA 19551 : | #5:17-CV-00086-LS |
| : | |
| Plaintiff : | |
| : | |
| v. : | |
| Merritt Hospitality, LLC : | |
| 101 Meritt 7 : | |
| 3rd Floor : | |
| Norwalk, CT 06851 : | |
| Defendants : | |

**COMPLAINT**

**PARTIES**

1. Plaintiff, Noemi Orozco, is an adult individual and resident of Commonwealth of Pennsylvania, residing at the address listed in the above caption

2. Defendant, Merrit Hospitality, LLC, is a business entity registered to do business in the State of Connecticut, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at Double Tree by Hilton, at 640 Fountain Road, in Plymouth Meeting, PA.

3. Defendants named in paragraph 2 above will be collectively referred to as "Defendants" for the entirety of this Complaint.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff is a citizen of Commonwealth of Pensylvania and the Defendant, upon information and belief is a corporate entity with its principal place of business in State of

Connecticut and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

**FACTS**

6. At all relevant times, Defendants were acting individually, jointly and/or by and through its agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at Double Tree by Hilton, at 640 Fountain Road, in Plymouth Meeting, PA, referred to hereinafter as "the premises."

7. On or about July 16, 2016, Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

8. At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

9. On or about July 16, 2016, while on Defendants' premises, the closet door broke off its hinges due to a broken metal coil, towards the Plaintiff, causing the Plaintiff to fall backwards, causing serious and permanent personal injuries on account of which this action is brought.

10. At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently, recklessly and/or carelessly allowed and permitted dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in the plaintiff's injuries.

## COUNT I
### Noemi Orozco v. Merritt Hospitality LLC
### Premises Liability - Negligence

11. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

12. The negligence of Defendants consisted of, <u>inter alia,</u> the following:

    a. Failure to properly secure closet doors to the frame;

    b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

    c. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

    d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

    e. Failure to comply with Philadelphia County and Commonwealth of Pennsylvania building codes, county and city laws, ordinances and regulations pertaining to the design, construction and maintenance of the aforementioned premises;

    f. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

    g. Failure to provide adequate safeguards to prevent the injury to Plaintiff;

      h.  Failure to exercise the proper care, custody and control over the aforesaid premises.

13. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, all to Plaintiff's great loss and detriment.

14. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

15. As an additional result of the carelessness, negligence and/or recklessness of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

16. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

17. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

18. WHEREFORE, Plaintiff, demands judgment in Plaintiff's favor and against Defendants in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY:_____mis3364_____
        Marc I. Simon, Esquire

## VERIFICATION

I, <u>Noemi Orozco</u>, am the plaintiff in this action, and I hereby state that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that this verification is subject to 18 Pa. C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

*Noemi Orozco*
Noemi Orozco (Sep 27, 2016)